UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BUDDY M. BROCHU,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY

        Defendant.

Case No. 10-11848
Honorable Julian Abele Cook, Jr.

## ORDER

This case involves a complaint by the Plaintiff, Buddy M. Brochu, who, in relying upon the authority of 42 U.S.C. § 402(g), has asked this Court to review and reverse a final decision by the Defendant, the Commissioner of the Social Security Administration. Now pending before the Court are the motions for summary judgment that the parties have filed pursuant to Federal Rule of Civil Procedure 56. Magistrate Judge R. Steven Whalen, to whom the parties' motions for summary judgment were referred for an evaluation, submitted a report on May 25, 2011, in which he recommended that the Court (1) grant the Commissioner's motion for summary judgment, and (2) deny Brochu's dispositive motion. As of this date, neither party has expressed any objections to Magistrate Judge Whalen's report. For the reasons that have been set forth below, this Court adopts the report, including the recommendations of Magistrate Judge Whalen, in its entirety.

I.

Brochu is a forty-nine-year-old male with a high school education and work experience as a furnace operator, a hi-lo driver, a fast food worker, and an overnight stocker. On April 23, 2007,

he filed an application for disability insurance benefits and supplemental security insurance, claiming a disability (i.e., back pain, hypertension, an enlarged heart, depression, and bipolar disorder) with origins that date back to November 8, 2006.[1]

After his application was initially denied, Brochu sought and obtained a *de novo* hearing before an administrative law judge who, in rendering a decision on July 14, 2009, determined that he was not under a disability within the meaning of the Social Security Act. It was his conclusion that, although Brochu suffered from the severe impairments of depression and bipolar disorder, he did not have an impairment or a combination of impairments that met or equaled the "Listing of Impairments." The administrative law judge also concluded that Brochu possessed the residual functional capacity to perform a full range of work at all exertional levels, excepting therefrom such work which involved any significant contact with co-workers or supervisors or any contact with the general public. He concluded that this limitation precluded him from performing any of his past relevant work. Finally and based upon the testimony of a vocational expert, he opined that, when consideration is given to these nonexertional restrictions and such other significant factors as age, education, and work experience, Brochu is able to perform a significant number of jobs that are available in the national economy. Thus, the administrative law judge concluded that he was not suffering from a disability which is compensable under the Social Security Act. This decision became the final decision of the Commissioner on March 4, 2010, when the Appeals Council denied Brochu's request for a review. This lawsuit followed.

II.

This Court has jurisdiction to review the Commissioner's final decisions to determine if (1)

---

[1] However, in his motion for summary judgment, Brochu addresses only his mental conditions. The Court will follow suit.

the findings are supported by substantial evidence and (2) the correct legal standards were applied. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted), and is "more than a scintilla of evidence but less than a preponderance," *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence, even if the evidence could also support a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). This review is limited in scope to an examination of the record only. Thus, the court "does not review the evidence *de novo*, make credibility determinations nor weigh the evidence." *Brainard*, 889 F.2d at 681.

### III.

In his appeal, Brochu urges the Court to conclude that the decision by the administrative law judge was erroneous because he had failed to (1) follow the correct legal standard by not following the "treating physician rule" and (2) give specific reasons for his credibility finding. The Court will address each contention seriatim.

The "treating physician rule" requires an administrative law judge to accept a treating physician's opinion as having controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is [consistent] with the other substantial evidence in [the] case record." *Cole v. Comm'r of Soc. Sec.*, No. 09-4309, 2011 WL 2745792, at *4 (6th Cir. July 15, 2011); *see also* 20 C.F.R. § 404.1527(d)(2). Brochu argues that the administrative law judge erred when he failed to give controlling weight to the proffered opinion of his social worker. However, a social worker - despite being a competent professional - is not an "acceptable medical source" who can render medical opinions. *See* 20 C.F.R. § 404.1527(a)(2) ("Medical opinions are

3

statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."); *id.* § 416.927(a)(2) (same); *id.* § 404.1513(a)(1)-(5) (defining acceptable medical sources). Inasmuch as social workers are not accepted as medical sources, the administrative law judge did not err in not giving controlling weight to her opinion.

Moreover, as required under SSR 06-03p, the administrative law judge did consider this "other source" information, and properly rejected it as "not supported by actual medical reports concerning response to treatment." (Tr. 13). Thereafter, he described the many inconsistencies between the social worker's assessment and the medical evidence in the record. For these reasons, the Court rejects Brochu's first point of error.

Brochu next argues that the administrative law judge failed to provide specific reasons for finding that his statements regarding the intensity, persistence, and limiting effects of the claimed symptoms were not credible. A finding on credibility must be based upon the entire case record, and must be "sufficiently specific to make clear to the individual and any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p; *see also* 20 C.F.R. § 404.1529(c)(3) (listing factors to be considered in making credibility determination); *id.* § 416.929(c)(3) (same). Moreover, "[s]ince the [administrative law judge] has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993) (citation and internal quotation marks omitted); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

The administrative law judge determined that Brochu's "medically determinable

impairments could reasonably be expected to cause the alleged symptoms; however, [his] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual capacity assessment." (Tr. 14). Brochu argues that this single, conclusory statement is insufficient to discharge the specific-reasons requirement of SSR 96-7p. However, as described in detail in Magistrate Judge Whalen's report, the administrative law judge only arrived at this conclusion after having completed an exhaustive credibility analysis that addressed all of the relevant factors. As required, the administrative law judge carefully considered and evaluated the credibility of all the relevant evidence. Thereafter, he made a specific finding that Brochu's testimony was not credible, in light of the substantial objective medical evidence which, in his opinion, was inconsistent with his claims regarding the intensity, persistence, and limiting effects of his symptoms. Hence, Brochu's argument that the administrative law judge failed to provide reasons for discounting his credibility must be rejected.

IV.

For the reasons that have been outlined above, the Court adopts the report of Magistrate Judge Whalen. In so doing, the Court concludes that (1) the Commissioner's motion for summary judgment is granted, and (2) Brochu's motion for summary judgment is denied.

IT IS SO ORDERED.

Date: August 30, 2011                                         s/Julian Abele Cook, Jr.
                                                              JULIAN ABELE COOK, JR.
                                                              U.S. District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 30, 2011

                                                              s/ Kay Doaks

                                                     Case Manager